ANNIE SHERMAN *vs.* ABRAHAM WERBY.

Suffolk.     May 11, 12, 1932. — August 24, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Abatement.     *Pleading, Civil,* Declaration.     *Contract Implied.*

Allegations in the declaration in an action, in one count that the defendant owed the plaintiff $3,000 for money received by the defendant to the plaintiff's use, and in another count that the defendant owed the plaintiff $3,000 in accordance with an account annexed stating, "Cash deposited with the defendant $3,000," were essentially unlike allegations in the declaration in a subsequent action by the same plaintiff against the same defendant, in substance that the defendant, in consideration of the plaintiff's promise to forbear the bringing of an action against him on a claim for $3,000, promised to pay the plaintiff such sum, that the plaintiff did so forbear in reliance on the agreement, but that the defendant failed to pay such sum; and the facts needed to prove the allegations of either of the counts of the declaration in the first action would not support the allegations of the declaration in the second action.

It was error to abate the writ in the second action above described on the ground that another action for the same cause was pending.

CONTRACT OR TORT.     Writ dated March 6, 1930.

In the Superior Court, the defendant filed a plea in abatement.     The plea in abatement was heard by *Beaudreau,* J., and was sustained.     The plaintiff alleged an exception and also appealed.

*M. Michelson,* for the plaintiff.

*E. M. Dangel,* (*M. Simon* with him,) for the defendant.

BY THE COURT.     The subjoined opinion was prepared by Mr. Justice Sanderson, and adopted after his death as the opinion of the court.

The plaintiff has commenced two actions against the defendant, the first by writ dated December 11, 1929, and the second by writ dated March 6, 1930.

The declaration in the first action is in five counts.     The first count, in contract, states, in substance, that the plain-

tiff is the wife of Abraham Sherman, who was employed by the defendant as manager of a garage in which he had charge of the handling of money; that the defendant required a deposit of $3,000 as security for the faithful performance by Sherman of his duties; that the plaintiff deposited that sum and the defendant agreed and contracted with the plaintiff that the sum should be repaid to her upon the termination of the employment; that her husband faithfully discharged his duties and the employment has terminated; that the defendant has refused upon demand to return to the plaintiff the money. The second count, in tort, alleges that the defendant made representations to the plaintiff and induced her to deposit with him the sum of $3,000 for the faithful performance by her husband of the duties of his office; that the defendant promised to return the money when the employment should end; that the defendant at the time had no intention of returning the money, but intended to defraud the plaintiff of $3,000; that the plaintiff, believing the representations of the defendant, deposited $3,000 as security for the faithful performance of his duties by her husband; that he did faithfully perform his duties; that the employment has now terminated and the defendant has refused to return the money. Count 3, in contract, alleges that the defendant owes the plaintiff $3,000 for money received by the defendant to the plaintiff's use. Count 4, in tort, alleges that the defendant converted to his own use the sum of $3,000, the property of the plaintiff; and count 5, in contract, alleges that the defendant owes the plaintiff $3,000 with interest, in accordance with an account annexed which is in the following form: "Item 1. Cash deposited with the defendant $3,000. Item 2. Interest on $3,000." The declaration also states that counts in contract are joined with counts in tort, the plaintiff being uncertain as to which class of action her cause of action belongs.

The declaration in the second case alleges that the sum of $3,000 was due the plaintiff from the defendant as she believed in good faith, and she had a fair and reasonable ground for succeeding in recovering the same; that through

her agent she made a demand upon the defendant for $3,000, and when the defendant failed and neglected to pay she intended to bring suit against the defendant to recover that sum and so stated to the defendant; that the defendant solicited and requested the plaintiff to forbear and promised and agreed to pay the plaintiff the whole sum of $3,000 in consideration that the plaintiff would forbear to bring suit at that time; that at the defendant's instance and request, and relying upon the defendant's promise, and in pursuance of the said agreement, the plaintiff did forbear to bring suit; but that the defendant has failed, neglected, and refused to pay the said $3,000.

The record states that, in answer to a question propounded by the judge, the attorney for the plaintiff said that he expected satisfaction only on one execution if he recovered judgment in both cases.

The defendant in the second action filed a plea in abatement stating that the defendant, not waiving his right to answer to the merits in this action, says that the plaintiff commenced a previous suit for the same cause of action, as alleged in the plaintiff's declaration, by a writ dated December 11, 1929, and returnable to the Superior Court on January 6, 1930, which action is still pending, wherefore the defendant prays that this action be dismissed or for such other order as may be proper. The trial judge sustained the plea and abated the writ.

No contention is now made that recovery on the count in the second action could be had on any of the counts in the first action, except the third and fifth. So far as the fifth count is concerned, even if there might be recovery on an account annexed in a case like this where, upon the allegations, the plaintiff has completely performed her part of the contract and nothing remains to be done by the defendant except to pay the money promised, there could be no recovery upon proof of the allegations in the declaration in the second case because there the only ground of recovery is the promise to pay a sum if the plaintiff would forbear to sue, while the recovery sought in the fifth count is for cash deposited with the defendant and interest.

The plea has not sought to raise the question whether the second action should abate because the plaintiff might have presented the same matter by moving to amend the declaration by adding another count on an account annexed. Even if the amount promised to be paid in consideration of forbearance to sue may be recovered on a count upon an account annexed on the principle stated in *Hutchinson* v. *Plant*, 218 Mass. 148, 155, namely, "If there was an agreement between the plaintiff and the defendant for the payment of a fixed sum of money, and the right to require that payment had accrued, it could be recovered in a count upon an account annexed," see also *Stuart* v. *Clark*, 259 Mass. 383, *Searls* v. *Loring*, 275 Mass. 403, the recovery would not be upon the theory of cash paid to or deposited with the defendant.

The remaining question is whether, if the plaintiff had gone to trial in the first action, he could have proved under the count for money received to the plaintiff's use the facts alleged in the new declaration. In order to ground an action on forbearance to sue it is not necessary to prove that there was a good cause of action and a reasonable ground of success in the threatened suit. It is enough if the plaintiff in good faith believed he had a good cause of action. If, however, the threatened suit is known to be frivolous or vexatious, forbearance to sue upon it is not good consideration. See *Blount* v. *Wheeler*, 199 Mass. 330, 335; *Silver* v. *Graves*, 210 Mass. 26, 30; *Bachinsky* v. *Rogers*, 273 Mass. 381. The test is not whether the matters stated in the different counts grew out of the same transaction, but whether proof of one would support the other. *Harlow* v. *Bartlett*, 170 Mass. 584, 592. An action for money had and received, although an action at law, is governed by equitable principles. It may in general be maintained whenever one has money in his hands belonging to another which in equity and good conscience he ought to pay over to the other. *Wiley* v. *Connelly*, 179 Mass. 360. *Cole* v. *Bates*, 186 Mass. 584. *Nelson* v. *Piper*, 213 Mass. 531, 533. "The law creates the privity and implies the promise." *Bouvé* v. *Cottle*, 143 Mass. 310, 314. As a general rule such an action lies only where money has been received

by the defendant.   The action may nevertheless be maintained where no money has actually passed but something has been received as a credit which is the equivalent of money.   *Bianconi* v. *Crowley*, 256 Mass. 187, 190.

The issues involved in the second declaration were essentially unlike the issues involved in any count of the first declaration.   *Norton* v. *Huxley*, 13 Gray, 285.   Inasmuch as the plaintiff could not have proved in support of any count in the first declaration the facts set out in the second declaration the judge erred in sustaining the plea.   See *Newhall* v. *Enterprise Mining Co*. 205 Mass. 585.

The plaintiff filed a bill of exceptions and also appealed. The case cannot rightly come before us in both ways.   We think the rights of the plaintiff can be fully protected by considering the case on exceptions and dismissing the appeal.

*Exceptions sustained.*
*Appeal dismissed.*