RITA CROCHETIERE HIGGINS *vs.* GILCHRIST COMPANY.

Middlesex. October 7, 1938. — October 27, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Verdict. *Contract,* Consideration.

A verdict for the defendant upon the first count of a declaration in an action of contract or tort in which the plaintiff alleged that, as a result of negligence of the defendant in repairing her shoes, a heel came off causing her to fall and be injured, did not as a matter of law preclude recovery on a second count setting forth that the defendant for a consideration undertook to repair one of her shoes in a careful and workmanlike manner, but did not do so as a result of which the heel came off, causing the plaintiff's fall.

Evidence of the circumstances in which a purchaser of shoes, found to be defective, returned them to the seller and asked for a new pair and the seller promised to fix them properly, to which the purchaser assented, warranted a finding of an abandonment of a claim made in good faith and believed to be well founded and a sufficient consideration for the promise of the seller.

CONTRACT OR TORT. Writ in the Superior Court dated June 12, 1935.

The allegations of the first count of the declaration were in substance that the plaintiff purchased a pair of shoes of the defendant which were defective and unfit to wear; "that as a result thereof, she returned" them to the defendant and that the defendant "repaired the said shoes for her so to make them whole and wearable. That as a result of the negligent manner in which the defendant . . . repaired the said shoes, the plaintiff . . . fell due to the fact that a heel came off the shoe which the defendant . . . undertook to repair" and the plaintiff was injured.

The allegations of the second count of the declaration, which was added by amendment at the time of trial, were in substance that the plaintiff purchased of the defendant a pair of shoes "which the defendant . . . warranted to be of good workmanship and serviceable character"; that they "were not of good workmanship, for within a few days thereafter, the heel of one . . . became detached, and thereafter the plaintiff returned the said shoes to the defendant, and the defendant, for good and sufficient consideration, offered and agreed to repair the said shoe, and to attach and affix the heel to the shoe again in so careful and workmanlike a manner that the said heel would never again fall off or become detached; that under the said agreement, the defendant did repair the said shoe, but did so in so careless, improper and unworkmanlike a manner that . . . the heel again came off, causing the plaintiff to fall," injuring her. "Due notice of the said breach of warranty was given to the defendant."

The record did not disclose that any question of pleading was raised.

The action was tried before *Dowd*, J. There was a verdict for the defendant on the first count and for the plaintiff on the second count in the sum of $1,000.

*K. C. Parker*, for the defendant.

*P. L. Keenan*, (*L. H. Sawyer* with him,) for the plaintiff.

DOLAN, J. This is an action of contract or tort which was tried to a jury. At the conclusion of the evidence the defendant filed a motion for a directed verdict; this was denied, subject to the defendant's exception. The jury

returned a verdict for the defendant on the first count, and for the plaintiff on the second count, of her declaration. Before recording the verdict on the second count the judge reserved leave with the assent of the jury (G. L. [Ter. Ed.] c. 231, § 120) to enter a verdict for the defendant, and then reported the case for the determination of this court, the parties having stipulated that, if the defendant's motion for a directed verdict was properly denied, judgment is to be entered on the second count in accordance with the verdict, otherwise it is to be entered for the defendant. The first count of the plaintiff's declaration alleges negligence on the part of the defendant in selling her a pair of shoes which were defective, and in their subsequent repair. The second count alleges a breach of contract by the defendant to repair the shoes in a careful and workmanlike manner. The particular allegations of this count need not be recited in detail since the circumstances connected with the making of the alleged contract and its alleged breach will appear hereinafter.

There was evidence that early in the month of April, 1934, the plaintiff purchased a pair of shoes in the defendant's shoe department. The shoes were of the Oxford type with heels approximately two and one quarter inches in height: ordinary high heels. She wore the shoes at a social function about fifteen days after the purchase, and on Friday, April 20, 1934, wore them to work. Returning therefrom on that day she fell down "the subway stairs." The heel of one of the shoes "came off." The following Monday she took the shoes "back to the store" and talked with the "floor superintendent," showed him the shoe and heel and told him what had happened. The floor superintendent was "the one who supervised adjustments on the shoe department floor." Complaints as to the condition of shoes would be referred to him. The plaintiff asked him for new shoes and he replied that the shoe could be repaired "as the peg was loose." He pointed to a "hole down the middle of the heel, and said that was where it went." The plaintiff again asked for new shoes but the floor superintendent said "Well, you leave it to me and I will see that

they are fixed properly, and that they will be all right";
that he "would repair it properly, that . . . [the plaintiff]
would be able to wear it, and it would be good in appear-
ance as well as safety." He said "the peg is out . . . there
is no peg in this shoe . . . we will see to it that it is fixed
properly." The plaintiff left the shoes with him. There
was a repair shop in the basement of the defendant's build-
ing where shoes were repaired. A few days later the plain-
tiff went back and received the shoes, which seemed "all
right." On the following day, May 1, she wore the shoes,
and, during the evening, while starting down the stairs
from her home she felt a weakness in the heel, fell and was
injured. The heel had become detached from the shoe and
"the same hole was in the heel with no peg in it." There
was testimony of an expert shoe repairer from which the jury
would have been warranted in finding that the shoe had
been repaired in an improper, unworkmanlike and negligent
manner, and that if the shoe had been repaired properly the
heel would not have come off. The defendant admitted
receipt of proper notice.

The defendant contends that the verdict on the first
count of the plaintiff's declaration, alleging negligence on
the part of the defendant, established that no negligence in
the repair of the shoe by the defendant was proved; that
the evidence falls short of establishing a binding contract
on the part of the defendant; that it does not establish that
the original purchase of the shoes was made in such cir-
cumstances that there was any implied warranty of quality
resulting from the provisions of G. L. (Ter. Ed.) c. 106, § 17;
that it is apparent that the plaintiff had no real claim to be
compromised nor had a *bona fide* cause of action; and that
in this situation "the essential basis for a settlement is
absent." We are of opinion, however, that the return by
the jury of a verdict for the defendant upon the first count
of the plaintiff's declaration in tort for negligence in the
sale and repair of the shoe did not as matter of law preclude
the jury from returning a verdict for the plaintiff on the
second count in contract. The second count does not rest
upon any negligence or implied warranty of quality arising

out of the sale of the shoes, but rests upon the express promises to repair the shoe so that the plaintiff would be able to wear it, and that it would be good in appearance and "safety," made by the defendant when the plaintiff sought to return the shoes, and upon her forbearance to prosecute her claim in consideration of the defendant's promises. The issues involved in the second count were essentially unlike those involved in the first count. *Sherman* v. *Werby*, 280 Mass. 157, 161. *Newhall* v. *Enterprise Mining Co.* 205 Mass. 585, 588.

The defendant's further contention that at the time it agreed to repair the shoe the plaintiff had no real claim to be compromised, nor a *bona fide* cause of action, and that their existence was an essential basis for a compromise and the defendant's promises were gratuitous, cannot be sustained. It is well settled that the abandonment of a claim believed to be well founded and made in good faith and "not frivolous, vexatious or unlawful, although not of such character in law or fact or both as finally to commend itself to the judgment of the tribunal of last resort, is the surrender of a thing of value and is a sufficient consideration for a contract." *Codman* v. *Dumaine*, 249 Mass. 451, 457–458. *Easton* v. *Easton*, 112 Mass. 438, 443. *Prout* v. *Pittsfield Fire District*, 154 Mass. 450, 453. *Blount* v. *Wheeler*, 199 Mass. 330, 336. *Sherman* v. *Werby*, 280 Mass. 157, 160. See Am. Law Inst. Restatement: Contracts, § 76 a. The case of *Palfrey* v. *Portland, Saco & Portsmouth Railroad*, 4 Allen, 55, cited by the defendant, is disposed of by what is said in the case of *Blount* v. *Wheeler*, 199 Mass. 330, 337.

In the case at bar the jury "saw all the parties . . . upon the witness stand, and their manner of testifying may have furnished the basis for an opinion as to the purpose of the . . . [plaintiff] in making . . . [her claim against the defendant]. These and all the other circumstances of the case, together with the presumption, which exists commonly that people act in good faith rather than corruptly" would warrant the jury in finding that the claim which the plaintiff forsook in reliance upon the defendant's promise

"was a real one honestly undertaken." *Silver* v. *Graves,* 210 Mass. 26, 31. The jury could also have found that there was a breach by the defendant of its express promise to repair the shoe "properly . . . [so that] it would be good in appearance as well as safety," as a result of which the plaintiff suffered the injuries complained of.

The defendant's motion for a directed verdict was properly denied and, in accordance with the stipulation of the parties, judgment is to be entered for the plaintiff on the verdict returned on count 2 of the plaintiff's declaration.

*So ordered.*