*Southern District*

*District Court of Northern Norfolk*

No. 36084

**WARREN FENTON**

**v.**

**BIRGER G. HOLM AND
ELEANOR F. HOLM**

*Sgarzi, J.* The plaintiff brought this action of contract with a declaration in two counts alleging that he produced a purchaser who was *ready, willing and able* to buy certain premises of the defendants on Pine Street in the Town of Medfield and that the defendants owe him a commission of $565.00. On the day of the trial he amended his declaration by adding two additional counts. Count III alleges that the defendants gave the plaintiff an *exclusive right to sell* certain premises on Oak Street in the Town of Medfield for a period ending thirty days after the building on said premises was completed, that the plaintiff produced a purchaser who was ready, willing and able to buy said property for $11,300.00, that the sale was not completed due to some fault of the defendants and that the defendants owe him the sum of $545.00 as a commission. Count IV is a claim

by the plaintiff for $545.00 as the fair value of the services rendered by the plaintiff to the defendants. The answer is a general denial and payment.

There was evidence that the plaintiff was employed by the defendant Birger G. Holm to effect the sale of the Pine Street property and that he in fact produced a purchaser who signed an agreement with the defendant to buy said property for $11,300.00 "subject to a G. I. Loan." The purchaser made a deposit of $650.00 which was retained by the plaintiff who understood that if the Veteran's Administration did not approve the transaction said deposit was to be returned to the purchaser. The Veteran's Administration did not approve the transaction but indicated that if the defendant reduced the selling price to $10,800.00 and was willing to perform certain specified additional work on the property, approval might be obtained. There were further negotiations between the parties but the terms of the Veteran's Administration were never complied with and the sale of the property was not consummated. The property was later sold by the defendants to another purchaser.

The purchaser produced by the plaintiff then brought suit against the male defendant for the return of his deposit which was being held by the plaintiff and made an attachment of the real estate of the defendant. The defendant in a conversation with the plaintiff asked him to return the $650.00 and the plaintiff contended that he was entitled to compensation for his services even though the sale had not gone through. During a later conversation on January 18, 1954 the plaintiff did return the $650.00 to the defendant who then orally gave the plaintiff an "exclusive" to sell another property on Oak Street, this "exclusive" to run for 30 days after the building which was under construction on said property was completed. On February 10, 1954 the plaintiff telephoned to the defendant to make an appointment to meet a prospective purchaser but

the defendant told him that he had sold the property the night before. The purchaser of the property was brought to the defendants by one Brooks.

The report of the evidence does not indicate that the plaintiff and defendant agreed upon a selling price for the Oak Street property or what the compensation to the plaintiff was to be but there was evidence that as to the Pine Street property the plaintiff was to have received a commission of 5%.

The defendant filed 31 Requests for Rulings of Law. Of these the first 14 related to the sale of the Pine Street property and were allowed, with the comment that "They became immaterial because no recovery is allowed on Counts I and II." Of the remaining Requests all were allowed except the following:

15. An oral promise by an owner of land to a real estate broker that the broker should have an *exclusive right to sell* certain property is merely an offer to pay a commission, contemplating acceptance by the broker, by performance consisting of procuring a purchaser ready, willing and able to buy on the owner's terms, and is revoked where, without fraud, the owner sells the property to a customer procured before such performance by the broker; and in such circumstances there is no contract between the owner and the broker.

19. An exclusive agency, or on exclusive right to sell, even for a fixed period, which is contained in a unilateral promise, and for which there is no legal consideration, may be revoked during that period.

30. Upon all the evidence the plaintiff is not entitled to recover under Count III.

31. Upon all the evidence the plaintiff is not entitled to recover under Count IV.

Request No. 15 was denied with the comment "See Special Findings." Request No. 19 was denied with the comment "Inapplicable, see "Special Findings."

No Requests were filed by the plaintiff.

The Court made a finding for the plaintiff in the

sum of $545.00 and made the following "Special Findings":

"This is an action in contract by a real estate broker against the owners of two parcels of real estate. The declaration is in four counts: the first two counts refer to a house, called for convenience, the house on "Pine Street"; the third and fourth counts refer to a house on "Oak Street".

"As to the claim in Counts one and two, the plaintiff broker, effected a binding agreement "subject to a G. I. Loan". Difficulties arose with the Veteran's Administration; the owners, defendants were sued for the return of a binder. The plaintiff relinquished his right to a commission and returned the amount he was holding on January 11, 1954. Concurrent with the return by the plaintiff of the amount he was holding, the male defendant employed the plaintiff to act as broker on the sale of the Oak Street property. I find that the male defendant made a contract with the plaintiff to give him exclusive rights to sell the unfinished Oak Street house for '30 days after completion', This was an oral agreement. The exact nature of the exclusive arrangement is not too clear, but I find that it was an exclusive agency; that is, the male defendant agreed he would not employ any other broker.

"On February 4, 1954, the plaintiff did interest a Mrs. Belanger in the purchase of the property, but not to the extent that a sale to her was effected, nor were terms agreed upon. On February 9, 1954, the defendants signed an agreement to sell the Oak Street property to one Perry and on this date, one Brooks, a broker came to the male defendant and told the defendant, he, Brooks, had "someone interested in the house" and the male defendant said "Sell it."

The actual sale by both defendants was made by a deed dated July 9, 1954. The broker, Brooks effected the sale to Perry of the Oak Street property.

I find as to Counts three and four that the defendants are liable, because they violated the agreement as to an exclusive agency in that they permitted another agent to be employed to sell the property during the period of the exclusive agency, and a sale was made by Brooks, the other agent.

The commission agreed upon as to the Pine Street property was five per cent (5%) by fair inference, this was the agreed commission as to the Oak Street property.

I find the defendants did not, themselves, effect the sale. The male defendant, the husband, made all the arrangements with the plaintiff, and the wife, the other defendant took no part in the transaction. However there is the presumption that the husband acted for his wife.

As to counts one and two, I find that the plaintiff relinquished all rights of recovery on the Pine Street property in consideration of the exclusive agency given on the Oak Street property."

The defendants claim to be aggrieved by the denial of their requests Nos. 15 and 19 and in addition as follows:

The defendants claim that the special findings of the court that "they permitted another agent to be employed to sell the property (at Oak Street) during the period of the exclusive agency" was not supported by the evidence and was error of law.

The defendants claim that the special finding of the court that "they did not themselves effect the sale" of the Oak Street premises was not supported by the evidence, and was error of law.

The defendants claim that the special finding that plaintiff relinquished all rights of recovery on the Pine Street property in consideration of the exclusive agency on the Oak Street property is not only against

the weight of the evidence but is wholly inconsistent with the proceedings in this entire case, contradicts all of the plaintiff's own direct testimony, and is error of law apparent on the record.

The defendants claim that the special findings of the Court for the plaintiff for a commission of $545.00 is against the weight of the evidence reported by the court in its special findings in their entirety, and is error of law.

The defendants claim that the special findings of court that a commission of five per cent (5%) was due on the Pine Street property and that a result of this is the fair inference that the same percentage was due on the Oak Street property is against the weight of the evidence, and is error of law.

The defendants rely upon the fact that in the denial of their requests numbered fifteen and nineteen, the Court directs attention to its special findings, and that, therefore, they must be the basis for the decision to deny said requests, and are therefore a proper matter to be reported to the Appellate Division in considering the questions raised by the denial of said two requests hereinbefore designated.

The contention of the defendants that error of law was committed because the special fiindings were not supported by the evidence or were against the weight of the evidence, or were inconsistent with the evidence or with the general finding cannot be sustained. A review of the evidence as recited in the report shows that it was sufficient to support the findings of fact made by the court. It is settled that a finding of fact must stand if there was evidence to support it. *Caton v. Winslow Bros. & Smith,* 309 Mass. 150; *Cozzo v. Atlantic Refining Co.,* 299 Mass. 260.

Insofar as the defendants contend that the general finding is inconsistent with the special findings this

likewise cannot stand since the question should have been raised not by claim of report but by motion for new trial. *Duralith Corp. v. Leonard*, 274 Mass. 397.

The defendants do not claim to be aggrieved by the denial of requests No. 30 and 31 which were of course properly denied as not conforming to the requirements of Rule 27.

If the evidence was sufficient to support the Special Findings of the judge, there was no error in the denial of Requests No. 15 and 19.

When the sale of the Pine Street property fell through the plaintiff contended that he had earned his commission and was prepared to assert his position by refusing to surrender to the defendant Birger G. Holm, the deposit which he held. He did in fact surrender the deposit to the defendant upon his promise "to give him exclusive rights to sell the unfinished Oak Street house for 30 days after completion."

The defendants contend that since the judge did not find for the plaintiff under counts 1 and 2 the plaintiff was not entitled to a commission for the sale of the Pine Street property and therefor relinquished nothing which could be deemed consideration for the promise of the defendant. The question then is "Did the plaintiff in forbearing to pursue his claim against the defendants for a commission for the sale of the Pine Street property give up something of value?" We are of the opinion that the judge was warranted in finding that he did. In *Blount v. Wheeler*, 199 Mass. 330, quoting from *Miles v. New Zealand Alford Estate Co.*, 32 Ch. D. (Eng.) 266 it was said "If an intending litigant bona fide forbears a right to litigate he does give up something of value. The reality of the claim which is given up must be measured, not by the state of the law as it is ultimately discovered to be, but by the state of the knowledge of the person who at the

time has to judge and make the concession." See also *Prout v. Pittsfield Fire District*, 154 Mass. 450, *Kennedy v. Welch*, 196 Mass. 592. In *Sherman v. Werby*, 280 Mass. 157 it was said "In order to ground an action on forebearance to sue it is not necessary to prove that there was a good cause of action and a reasonable ground of success in the threatened suit. It is enough if the plaintiff in good faith believed he had a good cause of action."

Since we find no prejudicial error, *the report is ordered dismissed.*