*Northern District*

No. 5397

**MARCELO J. FERNANDEZ, et al**
**v.**
**PROGRESSIVE BUILDING CORP.**

(June 13, 1960)

*Present:* Eno, J. (Presiding), and Brooks, J.

Case tried to *Gilmore, J.,* in the Fourth District Court of Eastern Middlesex. No. 954 of 1957.

*Brooks, J.* This is an action of contract in two counts. In the first count, plaintiffs seek to recover damages for breach of a written agreement to buy and sell certain land on which at the time of the agreement was an unfinished house, for failure of the defendant to complete the house so that it would be substantially the same as the "model house" as provided in said agreement. The second count seeks to recover damages for breach of an oral agreement between the parties made prior to passing papers as to the sale of said house, and providing that the defendant would complete the house in certain particulars after the passing of the papers. The answer of the defendant is a general denial and that the defendant relied upon the clause in the written agreement that the acceptance of the deed and possession by the buyer was a full performance and discharge of every oral and written agreement and obligation by the seller, and that this constituted a release and the defendant further answers that the collateral agreement in Count 2 was merged

with the written agreement in Count 1, and further that the collateral oral agreement in Count 2 violates the Statute of Frauds.

There was evidence that before passing papers under the written agreement, a dispute arose between the parties as to whether or not the house on the land being sold had been finished by the defendant so as to be substantially like the "model house", and that plaintiffs refused to carry out the purchase of the house unless defendant agreed to complete it in certain respects including refinishing the front door, refinishing three ceilings on the first floor, replacing a tile in the bathroom, filling and patching a hole in the cellar, repairing and re-surfacing the driveway, landscaping the lawn, repairing leak in boiler pipe, and repairing certain doors and windows.

There was evidence that at the time of passing title on October 31, 1956, before accepting the deed, the male plaintiff asked one Freeman, president of the defendant corporation, if it would take care of the requested work. He replied, "We will." There was evidence that as to the ceilings, the spots were touched up, but not refinished. The other work was not done. Defendant denied having made such an agreement.

There was evidence as to the cost of doing the work which plaintiffs claimed was promised to be done, but there was no evidence as to the fair and reasonable market value of the house and land in its completed condition. There was evidence that the fair

market value of the work included in the oral agreement was $1,045.

Defendant made the following Requests for Rulings:

1. The evidence warrants a finding for the defendants on Count 1 of the declaration.

2. The evidence warrants a finding for the defendants on Count 2 of the declaration.

3. Upon all the evidence, the defendant is entitled to a finding in its favor on Count 1 of the declaration.

4. Upon all the evidence, the defendant is entitled to a finding in its favor on Count 2 of the declaration.

5. The acceptance of the deed under the written agreement between the parties discharged all contractual duties of the defendant to the plaintiffs.

6. The measure of damages in this case is the difference between the contract price and the fair and reasonable market value of the premises in its incompleted condition.

7. Since there is no consideration for the collateral agreement alleged in Count 2 of the declaration, there can be no recovery for a breach thereof.

8. A sealed instrument can only be modified by another sealed instrument.

9. Upon all the evidence, if the plaintiffs are entitled to recover on either count of the declaration, the damages are only nominal.

10. The collateral agreement set forth in Count 2 of the declaration violates the Statute of Frauds.

The Court made the following written Findings and Rulings:

"This is an action of contract. On April 6, 1956, the plaintiffs and the defendant entered into a purchase and sale agreement for the purchase by the plaintiffs of a certain

parcel of land and the unfinished dwelling house thereon located on Lot 23 Phyllis Avenue, Burlington, Mass. The agreement contained the usual provision that, 'the acceptance of the deed and possession by the parties of the second part (buyers) shall be deemed to be a full performance and discharge of every oral agreement and representation and obligation by the first party, and all obligations of said first party hereunder shall thereupon be ended.'

Some time between the signing of the agreement and the passing of papers, the plaintiffs requested the defendant to complete the house in certain respects which included refinishing the front door; refinishing three ceilings on the first floor; replacing a tile in the bathroom wall; filling and patching a hole in the cellar; repairing and resurfacing the driveway; landscaping the lawn; repairing leak in boiler pipe and repairing certain doors and windows.

Title passed on October 31, 1956. Before accepting the deed the male plaintiff asked one Freeman, President of the defendant corporation, if it would take care of the requested work. He replied, 'We will.' The work has not been done, the defendant having denied making such an agreement.

I find on all the evidence the agreement was made and that it was an oral collateral agreement and was a matter not directly connected with the conveyance. Such an agreement was independent and existed outside of and apart from the deed. The acceptance of the deed does not prevent the plaintiffs from enforcing the agreement. I find that had the defendant not agreed to carry out its terms and do what it was required to do, the sale would not have gone through. This furnished collateral for the agreement as it was the only way the sale could have been completed and a dispute between the parties avoided.

I find for the plaintiffs in the sum of $1,045.00.

## Defendant's Requests for Rulings are disposed of as follows:

1 to 9, inclusive, Denied, having become immaterial because of my findings of fact.

10. Denied. The agreement declared on was a collateral one for repairs and improvements of the premises and was not for any interest in land."

The Court found for plaintiffs in the sum of $1,045.

The question here is whether plaintiffs' acceptance of the deed vitiated the defendant's oral promise to do certain things not specifically called for in their written agreement, or whether that promise survived as an independent undertaking by defendant and enforceable by plaintiff. If the latter is the case, plaintiff is entitled to recover as held by the trial Court.

If the promisor, under an oral agreement is merely doing what he was required to do under the written agreement, there is no consideration for a promise and he is not bound. *Parrot v. Mexican Central Railway,* 207 Mass. 184, 194; *Melotte v. Tucci,* 319 Mass. 490, 491. In other words, if the only consideration for the new agreement was the performance of the original agreement, the new promise is unenforceable.

In *Melotte v. Tucci,* supra, the Court held that the oral promise was enforceable because the promisor did more than that which was originally required. Applying that test here, can it be said that defendant in its promise to take care of the requested work went beyond the written agreement? It seems to us clear that the trial Court after

considering the evidence which set forth the defendant's supplementary agreement to do a number of things, found that these items did go beyond the original agreement. These are matters of fact, findings concerning which we should not disturb. *Dolham v. Peterson,* 297 Mass. 479, 481; *Bartley v. Phillips,* 317 Mass. 35, 43; *O'Kane v. Travelers Ins. Co.,* 337 Mass. 182, 184.

 As in the case of *Melotte v. Tucci* supra, a dispute arose which the Court evidently considered genuine, — that is to say, not frivolous. It found as a fact that plaintiffs would not have gone through with the original contract unless defendant had made the promise which plaintiffs are now endeavoring to enforce. Here in other words, is an independent contract based on valid consideration, — namely, giving up a claim that defendant had failed to perform the original agreement. Under these circumstances, the oral agreement was not merged in the written agreement.

██ With regard to defendant's contention that there was insufficient evidence of damage, we do not think that proof of damage in this type of case is analogous to proof of damage in an automobile case. Here defendant agreed to do certain work, which he failed to do. The measure of damages is the reasonable cost to plaintiffs to have the work done over.

There being no prejudicial error in the Court's Findings and Rulings, the report is to be dismissed.

Bradbury Gilbert of Boston, for the Plaintiff.
Jack J. Moss of Woburn, for the Defendant.