*Municipal Court of the*
*City of Boston*
No. 235017
ALLEN B. SCHWARTZ AND
DUCO ASSOCIATES, INC.
v.
WILLIAM B. STRONG AND
CHARLOTTE STRONG

Argued: May 24, 1974 - Decided: Oct. 24, 1974

*Present:* Glynn, J. (Presiding), Canavan, De-Guglielmo, JJ.

Case tried to *Doerfer, J.*

**Glynn, J.** This is an action of contract brought on a note by the plaintiff payees against the defendants, who are guarantors on the original note. The note was in the amount of $10,000.00 and was dated December 11, 1968. It provided for monthly payments on a certain date, and contained an acceleration clause on the default of any of the monthly payments. Monthly payments were made for six months through June 7, 1969 but were delinquent in time of payment from anywhere from 3 days to 3 weeks.

The plaintiff brought this action against the guarantors by a writ dated July 29, 1969 demanding full payment of the balance due, under the acceleration clause of the note. The answer of the defendants among other defenses, pleaded accord and satisfaction.

At the trial, evidence was heard from the plaintiff and defendants. The court found that the note was in default of one monthly payment of $150.00 on or before July 28, 1969, and found that demand for payment was made under the acceleration clause on or before July 29, 1969. There was testimony on behalf of the defendants that the plaintiffs agreed to waive their rights under the acceleration clause if the defendants would pay the monthly payment within 5 days. The trial justice found that such payment was made within 5 days.

There was also testimony of a hearing before a master of the Superior Court involving other alleged breaches of the note. The trial justice in the case at bar found as a fact that these alleged breaches occurred subsequent to the action brought in this case which the trial justice ruled was premature.

The court in this present action found for the defendants and ruled that the plaintiffs and defendants reached an accord and satisfaction barring the plaintiffs from pursuing the defendants on account of any default arising out of failure to make payments before July 28, 1969.

At the conclusion of the evidence the plaintiff filed 16 requests for rulings of law and claims to be aggrieved by the trial justice's rulings in all but requests numbered 8, 13 and 14 and has appealed to this Division on these rulings. Requests numbered 1 through 11,

(with the exception of request #8) refer to proceedings in Superior Court. The trial justice found that the alleged breaches in that suit occurred subsequent to July 29, 1969, (the date of the writ in this action) and this present action was brought prematurely to any such subsequent breach.

█ The trial justice was not in error in denying these requests in view of his findings. *Krasnow* v. *Krasnow,* 253 Mass. 528. *Estes* v. *Tower,* 102 Mass. 65.

Request #12 was properly denied in view of the trial justice's finding that there was an accord and satisfaction.

█ The plaintiffs claimed to be aggrieved by the rulings of the trial justice in requests numbered 15 and 16. Request #15 states that there is insufficient evidence to warrant a finding for the defendants. This request was denied. Request #16 states that "The commencement of an action after default but before tender of the delinquent amount is a demand for payment in full". This was denied as not applicable to facts found. There was no error in the rulings of the trial justice.

Any abandonment of a claim which is made in good faith, and is not frivolous, is considered the surrender of a thing of value and is sufficient consideration for a contract or a new agreement. *Milotti* v. *Tucci,* 319 Mass. 490. *Codman* v, *Dumaine,* 249 Mass. 451, 457, 458. *Higgins* v. *Gilchrist,* 301 Mass. 386, 390. *Silver*

v. *Graves,* 210 Mass. 56. *Merrimac Chem. Co.*
v. *Moore,* 279 Mass. 147. *Mackin* v. *Dwyer,*
205 Mass. 472.

The trial justice found as a fact that the
plaintiff made demand of payment for the
July 1969 installment. He further found that
the plaintiffs would waive their rights to ac-
celeration of the note if the defendants made
their monthly payment of $150.00 within 5
days. The trial justice found that the defen-
dants who were guarantors made such pay-
ment within that 5 day period.

There is an accord and satisfaction
whenever a creditor and debtor have entered
into a new agreement by which creditor has
relinquished his rights to the damages which
have accrued or will accrue under the original
note and instead has agreed to accept con-
sideration in the new agreement. *Trimount
Automatic Sales Inc.* v. *Colonial Operating
Co.,* 30 Mass. App. Div. 163.

The test of the ''consideration'' in-
volved in the new agreement is not the ade-
quacy of the consideration. All that is re-
quired is that it be valuable. *Emerson* v. *De-
ming,* 304 Mass. 478. *Concannon* v. *Galanti,*
348 Mass. 71.

The finding by the trial justice that the
plaintiffs made demand and a new agreement
was formed whereby the plaintiffs would for-
bear suit if the monthly installment was paid
in 5 days, that payment was made in 5 days

in accordance with such agreement, is sufficient to support a new valid agreement which barred the plaintiffs from suing on July 29, 1969 under the acceleration clause of the note.

It is a question of fact for the trial justice to determine whether or not there is valid consideration for the new agreement. He has so found. *Domestic Rag Co.* v. *Culler,* 339 Mass. 778. *John Irving Shoe* v. *Dugan,* 93 Fed.(2d) 711. *Murray* v. *Grossman,* 289 Mass. 277. *Worc. Color Co.* v. *Woods & Son,* 209 Mass. 105.

The court finds no error in the rulings and findings of the trial justice and the report is dismissed. **Report dismissed.**