NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1459

DRUMMER BOY HOMES ASSOCIATION, INC.

vs.

CAROLYN P. BRITTON & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants, Carolyn Britton and Randy Britton (Brittons), appeal from a final judgment entered in the Superior Court in favor of the plaintiff, Drummer Boy Homes Association, Inc. (Drummer Boy). The Brittons argue that: (1) a judge (first judge) erred in allowing Drummer Boy's motion to dismiss the Brittons' G. L. c. 93A counterclaim because Drummer Boy is a debt collector within the definitions of G. L. c. 93, § 49, and 15 U.S.C. § 1692a(6); (2) a different judge (second judge) erred in allowing Drummer Boy's motion for judgment on the pleadings on the Brittons' claim for money had and received; and (3) the

---

[1] Randy A. Britton.

second judge abused his discretion in allowing Drummer Boy to "dismiss its own claim."  We affirm.

Background.  Drummer Boy is the governing body of the Drummer Boy Green Condominiums under a declaration of covenants, easements, and restrictions dated June 7, 1976.  Drummer Boy Condominium II, a condominium association consisting of twelve individual units, is one of nine condominiums in Lexington comprising Drummer Boy.  In the aggregate, the nine associations have approximately 150 units.  Drummer Boy functions as an "organization of unit owners" to recover unpaid condominium expenses and enforce liens for Drummer Boy Condominium II, the condominium association within which the Brittons own an individual unit.

On March 6, 2023, Drummer Boy commenced litigation against the Brittons in the Superior Court asserting two counts to establish and enforce a lien for unpaid common expenses in the amount of $9,433.49.  The Brittons' lender, PHH Mortgage Corporation (PHH Mortgage), submitted payment of the entire outstanding balance to Drummer Boy, and as a result, Drummer Boy intended to file a motion for voluntarily dismissal of the complaint.  Before this occurred, the Brittons filed counterclaims against Drummer Boy -- one pursuant to G. L. c. 93A and another for money had and received.

2

On May 6, 2024, a judge allowed Drummer Boy's motion to dismiss the Brittons' G. L. c. 93A counterclaim. On August 28, 2024, the second judge allowed Drummer Boy's motion to dismiss its own claims without prejudice and on September 9, 2024, the second judge allowed Drummer Boy's motion for judgment on the pleadings regarding the Brittons' counterclaim for money had and received. The Brittons timely appealed from the judgment.

Discussion. To begin, we note that our review is hampered somewhat by the Brittons' unclear brief and failure to comply with various rules of appellate procedure. See, e.g., Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). That notwithstanding, having reviewed the entire record on appeal, we address the substance of the Brittons' claims where the record is sufficient to do so.

1. General Laws c. 93A counterclaim. The Brittons contend that the first judge erred in dismissing their G. L. c. 93A counterclaim because Drummer Boy is a debt collector under 15 U.S.C. § 1692a(6), who committed per se violations of G. L. c. 93, § 49, bringing Drummer Boy's conduct within the realm of trade or commerce. We disagree.[2]

_____

[2] Drummer Boy argues that the Brittons' c. 93A claim is not properly before the court because the Brittons did not include the May 6 order in their notice of appeal. "The notice of appeal need not designate prejudgment orders that are appealable as part of the judgment, decree, or adjudication designated in

3

We review the allowance of motions to dismiss the claims of another party de novo.  Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  To withstand a motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), a claim must allege facts plausibly suggesting an entitlement to relief.  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  As a matter of law, G. L. c. 93A applies only to entities engaged in trade or commerce.  See G. L. c. 93A, § 2. To determine whether a party is engaged in trade or commerce, the court considers "such relevant factors as the nature of the transaction, the character of the parties involved, the activities in which the parties participated, and whether the transaction is motivated by business or personal reasons."  Nei v. Burley, 388 Mass. 307, 317 (1983).  It is well established that condominium associations are not engaged in trade in commerce in connection with the management and operation of a condominium.  See Office One, Inc. v. Lopez, 437 Mass. 113, 125 (2002) (c. 93A does not apply to organization of condominium unit owners).

---

the notice of appeal."  Mass. R. A. P. 3 (c) (1) (B), as appearing in 491 Mass. 1601 (2023).  Only those orders from which an immediate appeal is allowed, separate and apart from final judgment, need be listed.  See Reporters' Notes (2023) to Rule 3, Massachusetts Rules of Court, Rules of Appellate Procedure, at 238 (Thomson Reuters 2025).

Here, the Brittons did not allege in their counterclaims or on appeal any specific acts that would constitute a violation of G. L. c. 93, § 49.[3] Even assuming, arguendo, that the Brittons had identified specific acts in violation of the statute, neither that, nor 15 U.S.C. § 1692a(6), is applicable to Drummer Boy. The Brittons claim that Drummer Boy is a "debt collector" within the meaning of G. L. c. 93, § 24, and 15 U.S.C. § 1692a(6), because Drummer Boy is collecting debts on behalf of Drummer Boy Condominium II. As authority, the Brittons rely on language from Drummer Boy Homes Ass'n v. Britton, 474 Mass. 17, 23 (2016), to the effect that common expenses "shall be determined, assessed and collected by [Drummer Boy] on behalf of [Drummer Boy Condominium II]." This language does not establish that Drummer Boy is acting as a third-party debt collector. Drummer Boy is an association of condominium owners, and Drummer Boy Condominium II is a subset association whose unit owners are also members of the larger association, Drummer Boy. In other words, when Drummer Boy assesses and collects common expenses

---

[3] The Brittons generally allege that Drummer Boy "per se" violated G. L. c. 93, § 49, because they are a debt collector under 15 U.S.C. § 1692a(6), but their arguments do not rise to the level of appellate argument as they do not explain what act per se violated G. L. c. 93, § 49. See Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) ("bald assertions of error, lacking legal argument and authority," do not rise to level of appellate argument).

5

attributed to Drummer Boy Condominium II, it acts on behalf of, and collects from, its own members -- not from or on behalf of a separate, unrelated entity.  Because Drummer Boy is not collecting debts owed to another but rather administering common expenses within a unified ownership structure, it does not qualify as a "debt collector" under G. L. c. 93, § 49, or 15 U.S.C. § 1692a(6).  Accordingly, Drummer Boy is neither a debt collector nor subject to c. 93A, and thus the judge did not err in allowing Drummer Boy's motion to dismiss.  See Office One, Inc., 437 Mass. at 125.

2.  Money had and received.  The Brittons next claim that the second judge erred in allowing Drummer Boy's motion for judgment on the pleadings on their counterclaim for money had and received because Drummer Boy was not entitled to the money it received from PHH Mortgage.  We disagree.

"We review the allowance of a motion for judgment on the pleadings de novo." Kraft Power Corp. v. Merrill, 464 Mass. 145, 147 (2013).  In considering such a motion, "all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false" (citation omitted). Minaya v. Massachusetts Credit Union Share Ins. Corp., 392 Mass. 904, 905 (1984).  See Wheatley v. Massachusetts Insurers

6

Insolvency Fund, 456 Mass. 594, 596 (2010).  Judgment on the pleadings is appropriate "only when the text of the pleadings produces no dispute over material facts."  Tanner v. Board of Appeals of Belmont, 27 Mass. App. Ct. 1181, 1182 (1989).  An action for money had and received may be "maintained whenever one has money in his hands belonging to another which in equity and good conscience he ought to pay over to the other."  Sherman v. Werby, 280 Mass. 157, 160 (1932).

Here, Drummer Boy did not receive money that rightfully belongs to the Brittons.  Rather, PHH Mortgage paid the common expenses to maintain its priority lien, not to confer any benefit to the Brittons.  In this context, the money cannot be said in equity and good conscience to belong to the Brittons.  See Sherman, 280 Mass. at 160.  Whether the Brittons are now responsible for those funds is an issue between them and PHH Mortgage, see Stone & Webster Eng'g Corp. v. First Nat'l Bank & Trust Co., 345 Mass. 1, 4-5 (1962), and is insufficient to establish a claim against Drummer Boy for money had and received.[4]  As the Brittons had no claim to the money paid by PHH

_____

[4] The Brittons appear to be using their money had and received claim to challenge the lawfulness of the underlying assessments by Drummer Boy.  The Brittons failed, however, to pay their common expenses under protest and challenge their legitimacy after payment.  See Blood v. Edgar's, Inc., 36 Mass. App. Ct. 402, 405 (1994) ("Self-help remedies, such as withholding condominium common expense assessments, are not

Mortgage, the judge did not err in allowing Drummer Boy's motion for judgment on the pleadings.[5]

3. Voluntary dismissal of Drummer Boy's claims. The Brittons also contend that the second judge abused his discretion in allowing Drummer Boy's motion to dismiss its own complaint. We disagree.

We review a judge's decision to allow a party to voluntarily dismiss its own claims for abuse of discretion. See Evans v. Lorillard Tobacco Co., 465 Mass. 411, 462-463 (2013). The judge acted within his discretion under Mass. R. Civ. P. 41 (a) (2), 365 Mass. 803 (1974), in allowing Drummer Boy's motion to dismiss. Drummer Boy's underlying claims to establish a lien became moot when PHH Mortgage paid the common expenses. See, e.g., Goduti v. Worcester, 87 Mass. App. Ct. 355, 357-358 (2015); Drummer Boy Homes Ass'n, 474 Mass. at 28-29 (mortgagee pays entirety of fee and condominium association has no further claim to funds). Furthermore, we disagree with the Brittons'

---

available"). By not following the procedural path prescribed in our case law to challenge common expenses alleged to have been improperly assessed, the Brittons are precluded from challenging the lawfulness of the assessments in this action. See Drummer Boy Homes Ass'n, 474 Mass. at 20 n.10.

[5] The Brittons make several other claims in their brief related to, inter alia, accounting issues and inspection of Drummer Boy's books and records. These arguments were not raised before the motion judges and thus are deemed waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

contention that they suffered prejudice because of the dismissal.  Indeed, the litigation was in its early stages, no discovery had been conducted, and trial was more than a year away from being held.  In addition, the Brittons cite no persuasive authority to support this claim.  Under these circumstances, we cannot say that the judge abused his discretion in allowing the motion for voluntary dismissal.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).[6],[7]

Judgment affirmed.

By the Court (Massing,
 Neyman & Smyth, JJ.[8]),

Clerk

Entered:  April 21, 2026.

---

[6] To the extent that the Brittons make other arguments in their brief, we do not address them as they do not rise to the level of appellate argument.  Mass. R. A. P. 16 (a) (9) (A). See Sayre v. Aisner, 51 Mass. App. Ct. 794, 796 n.4 (2001).

[7] Drummer Boy's request for attorney's fees is denied.

[8] The panelists are listed in order of seniority.

9