### ROSE BACHINSKY *vs.* MAURICE S. ROGERS.

Suffolk.    November 3, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Sale,* Construction of contract of sale. *Contract,* Consideration, Construction. *Evidence,* Extrinsic affecting writing; Competency; Opinion: expert; Remote. *Practice, Civil,* Exceptions, Charge to jury.

At the trial of an action of contract, there was the following evidence: The plaintiff, a woman, and the defendant made a contract for the exchange of the plaintiff's farm in Lexington and Bedford for real estate of the defendant in Boston, the plaintiff also agreeing to give a bill of sale of certain personal property included in a schedule, following which was the statement: "The party of the second part [the plaintiff] meaning and intending to convey by said deed and said Bill of Sale, all of the real estate and personal property owned by them, except personal belongings situated in the towns of Bedford and Lexington." In the schedule was an item, "fifteen (15) tons of hay." It did not include a water tank. At the time of the exchange there were seventy-five tons of hay on the farm and the water tank; and the defendant afterwards sold these, with the other property which he had

purchased from the plaintiff, to a third person. Upon the plaintiff's complaining of such sale of the hay and the tank, the defendant promised that he would satisfy her for everything if she would not consult an attorney or bother the purchasers. The defendant did not keep his promise and the plaintiff brought an action thereon. The judge refused to order a verdict for the defendant. There was a verdict for the plaintiff. The defendant alleged exceptions. *Held,* that

(1) The language of the agreement for exchange was ambiguous;

(2) The judge properly admitted evidence that the parties had agreed that the defendant was to have fifteen tons of the hay, and the plaintiff was to have time to take away the remaining sixty tons of hay and the water tank, which were to remain the property of the plaintiff;

(3) A finding was warranted that the plaintiff believed that she had a valid claim to ownership of the tank and the sixty tons of hay, and intended to enforce her claim to the possible ruin of the defendant's bargain with the third person, and that owing to the defendant's promise she forebore doing so;

(4) It was proper to refuse to order a verdict for the defendant.

At the trial of the action above described, it was proper to exclude a question of a witness, "And in accordance with the extension were papers passed under the agreement," such question involving an opinion on a point of law.

It appearing from the record that other testimony at the trial above described showed that conveyances were made to carry out the exchanges contemplated, it was *held,* that, even if the above question had been admissible, no prejudice resulted from its exclusion.

Evidence at the trial of the action above described to the effect that a daughter of the plaintiff, to whom, for the purpose of hindering creditors, she had transferred the real estate which she had obtained in exchange from the defendant, brought a bill in equity against the defendant to restrain the foreclosure by him of a mortgage thereon and that the daughter in such suit had made no such claim as was set out in this action, where there was no offer to show any transfer of such a claim to the daughter, properly was excluded as too remote.

It was proper for the judge to instruct the jury, at the trial of the action above described, that they might find that demand for what was due from the defendant was made on the day on which the promise of the defendant, which was the basis of the action, was given.

CONTRACT. Writ dated April 17, 1929.

In the Superior Court, the action was tried before *Dillon,* J. Material evidence is stated in the opinion.

The judge denied a motion that a verdict be ordered for the defendant. There was a verdict for ,the plaintiff in the sum of $1,890.05. The defendant alleged exceptions.

The case was submitted on briefs.

*H. Kahn & J. I. Yoffa,* for the defendant.

*J. H. Hopwood & E. P. Barry,* for the plaintiff.

WAIT, J. The plaintiff sued alleging that she was the owner of sixty tons of hay and of a water tank; that the defendant sold the hay and tank as his own; that he promised to pay her their value if she would forbear to bring suit against the purchasers; that she did forbear, but the defendant had not paid. After a verdict for the plaintiff, the case is before us upon exceptions claimed by the defendant to a refusal to direct a verdict in his favor, to rulings with regard to evidence, and to portions of the judge's charge.

The evidence, taken most favorably to the plaintiff, would support findings as follows: The defendant exchanged tenement property at Boston for the plaintiff's farm in Lexington and Bedford. The agreement for exchange set out that the plaintiff was to give a bill of sale of specified chattels (apparently then on the farm) which included an item of " fifteen (15) tons of hay," and contained a provision: " The party of the second part [the plaintiff] meaning and intending to convey by said deed and said Bill of Sale, all of the real estate and personal property owned by them, except personal belongings situated in the towns of Bedford and Lexington." At the time the exchange was made there were seventy-five tons of hay in three barns on the farm, and a large water tank, not connected or in use, in one of the barns. The defendant was to have fifteen tons of the hay, and the plaintiff was to have time to take away the remaining sixty tons of hay and the water tank, which were to remain the property of the plaintiff. The plaintiff's husband was to remain as manager of the farm. Some time thereafter two men came to the farm and announced to the husband that the defendant had arranged a sale of the farm and what was on it to them. The husband immediately sought out the defendant and objected to the sale of the hay and tank. The same evening the defendant went to the plaintiff, who complained at what he had done. He asked her not to interfere with the good trade which he had made, and promised to satisfy her for everything if she would not consult an attorney or bother the purchasers. These

events took place on or before March 20, 1926. This action was begun April 17, 1929.

The defendant contends that evidence of the ownership of the hay and tank in the plaintiff was not admissible; and that she had no basis for a claim against him or his vendees, so that a promise to forbear suit and actual forbearance at his request do not sustain an action for payment. Neither contention is well taken. The language of the agreement for exchange is ambiguous. Obviously the broad words of the later declaration of intent are not to be taken to extend the specification of obligation to convey fifteen tons so that it shall cover seventy-five tons; and it is manifest that her intent was not to convey whatever personal property the plaintiff owned, except such of her personal belongings as might be situated in Bedford and Lexington, but rather was to except her personal belongings from such personal property as was situated in those towns and to pass in the exchange. We think evidence was admissible to show that the sixty tons of hay and the tank were to be retained by her. The failure to include the tank in the specifications is significant. It could hardly be thought to be included in the inconsiderable objects to be swept into the conveyance by the general words of the statement of intent. We cannot properly say that the plaintiff might not believe that she had a valid claim to ownership of the tank and the sixty tons of hay, and intend to enforce her claim to the possible ruin of the " good deal " which the defendant had made by selling them with the farm; nor that she could not be found to have made a promise to forbear to enforce it. In such circumstances she can maintain an action on the defendant's promise to pay the value to her. *Blount* v. *Wheeler,* 199 Mass. 330. *Mackin* v. *Dwyer,* 205 Mass. 472, 475. *Silver* v. *Graves,* 210 Mass. 26, 30. The refusal to direct a verdict for the defendant was proper.

We treat as waived all exceptions to the admission or rejection of evidence which are not argued on the brief. The question in direct examination of the defendant's witness Slobodkin: " And in accordance with the extension

were papers passed under the agreement? " involves an opinion on a point of law. It was properly excluded. No prejudice resulted from the exclusion if the question were confined to fact; for other testimony showed that conveyances were made to carry out the exchanges contemplated.

There was evidence that, in 1928, the plaintiff's daughter, to whom she had transferred the property obtained from the defendant, as might be found, for the purpose of hindering creditors, brought a bill in equity against the defendant to restrain the foreclosure by him of a mortgage thereon. The defendant sought to introduce this bill in evidence, and offered to show that the daughter held merely as a straw for the plaintiff who was the real party in interest, and that no claim was therein made that the defendant was indebted for any money arising out of the cause of action here asserted. No offer was made to show any transfer of such a claim to the daughter. The evidence was excluded properly. It might well be deemed too remote.

The charge permitted the jury to find that demand for what was due from the defendant was made on March 20, 1926, the day on which the promise sued upon was given. In this there was no error for the jurors could find that the promise to " satisfy . . . [her] for everything " included interest for delay in payment, was so understood, and was, in fact, made by the defendant. They were not directed so to find. When, later on, additional instructions were given which might affect the question of demand, the judge's attention was not called to the matter.

The suggestion of the brief that the charge was unfair to the defendant is without merit. In so far as it is an exception to the charge as a whole, no exception lies to a charge as a whole. *Cereghino* v. *Giannone*, 247 Mass. 319, 324. The exceptions to portions of the charge taken at its close other than that relating to demand have not been argued. We treat them as waived; and an examination of the charge satisfies us that they were waived properly.

*Exceptions overruled.*