Amherst Nursing Home, Inc. *vs.* Commonwealth.

Hampshire.   September 11, 1986. — December 23, 1986.

Present: Hennessey, C.J., Wilkins, Liacos, & Abrams, JJ.

*Public Welfare,* Nursing home. *Nursing Home. Practice, Civil,* Failure to make objection. *Appeals Court,* Further appellate review by the Supreme Judicial Court, Direct appellate review by the Supreme Judicial Court. *Words,* "Control."

This court did not consider a party's challenge to the retroactive application of 106 Code Mass. Regs. § 456.703 (E) (1979), where the party had failed to raise this issue in either of the proceedings in the Superior Court or on prior review by the Appeals Court. [852]

An order of this court denying further appellate review following a decision of the Appeals Court did not restrict a party from presenting to this court, on direct appellate review of a judgment entered in the Superior Court after the Appeals Court's remand, the same arguments that were unsuccessful before the Appeals Court in the first appeal. [852]

One person's simultaneous ownership of stock in two nursing home corporations, coupled with her control of the policy and operation of both corporations, would provide sufficient basis for application of 106 Code Mass. Regs. § 456.703 (E) (1979), so as to permit the Commonwealth to recoup from one corporation the amount of public assistance overpayments made in earlier years to the other corporation. [852-853]

A judge of the Superior Court was not plainly wrong in concluding that, at relevant times, an individual had effective control of the operations of a certain nursing home corporation for purposes of 106 Code Mass. Regs. § 456.703 (E) (1979), so as to permit the Commonwealth to recoup from that corporation the amount of public assistance overpayments made in earlier years to a different nursing home corporation controlled by the same individual. [853]

Civil action commenced in the Superior Court Department on February 13, 1980.

Following the decision of the Appeals Court reported in 16 Mass. App. Ct. 638 (1983), the case was heard by *John F. Moriarty, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Stephen R. Kaplan* (*Robert H. Hovey* with him) for the plaintiff.

*William L. Pardee,* Assistant Attorney General, for the Commonwealth.

WILKINS, J. The Department of Public Welfare (DPW) adopted a regulation in 1979 which permitted it to recover overpayments made to one nursing home for the care of patients eligible for public assistance by offsetting amounts the DPW owed to another nursing home if at the relevant times the two facilities were "under a common ownership." [1] On final audit the DPW determined that the interim payments it had made to the Skole Nursing Home, Inc. (Skole) for each of fiscal years 1970, 1971, and 1974 exceeded the amount to which Skole was entitled in each year. During those years Bettie Skole Kravetz was the president and sole stockholder of Skole, and she also owned 42% of the stock of the plaintiff Amherst Nursing Home, Inc. (Amherst).

Amherst brought this action to recover amounts that, in reliance on the 1979 regulation, the DPW in 1979 and 1980 had offset against funds it owed to Amherst. In doing so, the DPW sought to recover the overpayments to Skole, which had been dissolved as a corporation in November, 1975. A judge of the Superior Court entered summary judgment for Amherst. The Appeals Court vacated that judgment and remanded the case for a determination whether, under the regulation as construed by it, there was common ownership which permitted the offset. 16 Mass. App. Ct. 638 (1983). This court denied Amherst's application for further appellate review. 390 Mass. 1104 (1983). On remand to the Superior Court, a judge found facts and concluded that in 1970, 1971, and 1974 Kravetz had had that measure of control over Amherst which (along with

---

[1] The regulation (106 Code Mass. Regs. § 456.703 [E] [1979]) provided: "If two or more facilities are, or were, under a common ownership, and if one or more of the facilities is owed money by the Commonwealth, the Department may offset the provider's liability to the Department against the Department's liability to the provider."

her stock ownership in Amherst and her ownership in and control over Skole and pursuant to the DPW's 1979 regulation) permitted the offset against Amherst of amounts Skole owed to the Commonwealth for fiscal years 1970, 1971, and 1974. We granted Amherst's application for direct appellate review. We affirm the judgment.

1. Amherst seeks to raise before us the illegality of the retroactive application of the 1979 regulation. This issue was not discussed in the Appeals Court opinion (16 Mass. App. Ct. 638 [1983]), nor did Amherst argue the point in its brief to that court. When Amherst unsuccessfully sought further appellate review here, it did not argue the retroactivity issue as a ground for our review and, in any event, it was then too late to raise the point. See *Phillips* v. *Youth Dev. Program, Inc.,* 390 Mass. 652, 660 (1983). Nothing has changed following remand to the Superior Court that would require or, in our discretion, warrant our consideration of the retroactivity issue at this time. This court generally refuses to consider arguments raised for the first time on appeal. See *Porter* v. *Treasurer & Collector of Taxes of Worcester,* 385 Mass. 335, 338 n.5 (1982). This principle is doubly applicable when an appellant seeks to raise for the first time on a second appeal an issue that has been on hand from the inception of the case.

2. Issues now argued which were also presented to the Appeals Court are fully before us for consideration on direct appellate review of the judgment entered in the Superior Court following the Appeals Court's remand. Our denial of further appellate review on Amherst's first appeal does not in any way restrict Amherst from presenting to us anew arguments that were unsuccessful before the Appeals Court in the first appeal. Our order "denying further review should not be considered in any case as an affirmation of the decision or reasoning of the Appeals Court." *Ford* v. *Flaherty,* 364 Mass. 382, 387 (1973).

3. Because we agree with the Appeals Court's construction of the governing regulation, we have no reason to comment extensively on the issues argued to that court. Simultaneous ownership by one person (or group of persons) of stock in

each provider of services together with control of each provider warrants application of the regulation. Amherst contends, however, that, when the Appeals Court referred to control, it meant "complete domination," and that the evidence did not warrant a finding of "complete domination." The Appeals Court referred to "control of Amherst's policy and operation" as providing, along with ownership, "a sufficient basis to support the application of the regulation providing for recoupment from Amherst of overpayments to Skole for the years in question." 16 Mass. App. Ct. 638, 643 (1983). Control, as defined by the Appeals Court, does not mean complete domination.

The judge's finding that Kravetz had "effective control of the operation of the nursing home" in 1970, 1971, and 1974 was not clearly erroneous. Mass. R. Civ. P. 52(a), 365 Mass. 816 (1974). Kravetz worked full time at the Amherst nursing home; she was a registered nurse and administrator; she was chairman of the board of directors and ran the informal meetings of the three active director-shareholders; she was the only person with prior nursing home experience; the other shareholders acquired their stock interests, respectively, by providing land for Amherst and by building the home. Other shareholders participated regularly in making various business decisions, but the judge's conclusion that Kravetz had control of policy and operations was warranted. Indeed, Amherst does not argue that the judge's findings were erroneous if control is measured by something less than complete domination.

*Judgment affirmed.*