van Gestel, J.
This matter comes before the Court on the motion by the plaintiff seeking a new trial. There are two grounds for the motion. First, it is contended that the Court erroneously admitted certain prejudicial testimony into evidence. Second, there is a claim that the jury’s verdict was against the weight of the evidence.
BACKGROUND
This is a medical malpractice action charging negligence on the defendant in his treatment of the plaintiff for a properly diagnosed appendicitis warranting an appendectomy. Despite the correctness of the diagnosis, Dr. Korgaonkar failed to removed Vimal Desai’s appendix during the operative procedure. Months later a second, and much more extensive, surgery was required. During that latter surgery, part of the small intestine and bowel, as well as the appendix, was removed.
The jury found no negligence on the part of Dr. Korgaonkar.
There were five witnesses at the trial: Vimal Desai, the patient: Dr. Korgaonkar, the treating surgeon; Dr. Michael Blank, an expert for the plaintiff; Dr. Peter Mowschenson and Dr. John Hartong, each experts for the defendant. The great bulk of the testimony came from the four physicians. Three of them — Dr. Korgaonkar and his two experts — were firm in their opinion that he amply met the standards of a qualified general surgeon in Massachusetts in his treatment of Mr. Desai. Dr. Blank, of course, disagreed.
The evidence showed a situation in which there was a large amount of infection at and surrounding the appendix such that it could not be seen, and thereby, not readily removed. Although neither of them had ever performed an appendectomy in which they had failed to remove the appendix, both Drs. Mowschenson and Hartong were strong in their testimony favoring Dr. Korgaonkar’s treatment.
During the direct examination of Dr. Korgaonkar his attorney asked:
Now, Dr. Korgaonkar, is this the first time you’ve been sued for medical malpractice?
Plaintiffs counsel objected, but the Court permitted the following answer:
Yes, sir. Since last maybe, twenty years of my practice this is the first time ever, and hopefully the last.
DISCUSSION
Citing a 1926 decision from South Carolina, Green v. Shaw, 136 S.C. 60 (1926) (evidence of doctor’s reputation for carefulness held inadmissible on issue of negligent treatment), and a 1971 decision from Colorado, Stauffer v. Karalein, 492 P.2d 866 (Colo.App.1971) (admission of evidence violating the physician-patient privilege to show informed consent was error), the plaintiff claims that the Court’s admission of testimony regarding Dr. Korgaonkar’s medical malpractice litigation history was error warranting a new trial. The defendant, of course, whose counsel asked the objected-to question in the first place, supports the judge in his ruling.
The Court, on careful reflection, is of the belief that error was committed in admitting the testimony. “For the purpose of proving that one has or has not done a particular act, it is not competent to show that he has or has not been in the habit of doing similar acts." Davidson v. Massachusetts Casualty Insurance Company, 325 Mass. 115, 122 (1949). This confession of error, however, does not end the discussion. “The burden is on . . . the proponent of the exclusion, to show that the trier of fact might have reached a different result if the ruling had been different.” G.E.B. v. S R.W., 422 Mass. 158, 169 (1996); Bendett v. Bendett, 315 Mass. 59 (1944). That showing has not been made in this case.
As noted above, essentially all of the evidence came from physicians. Three of the four testified strongly as *631 to the complexity of this particular surgery. Two of the four — one a heavily credentialed surgeon from the Beth Israel Hospital in Boston and the other a surgeon with extensive experience at the Burbank Hospital in Fitchburg — rendered opinions supporting Dr. Korgaonkar in all respects. The only dissent came from Dr. Blank, whose practice was described as extensive, but based in a small town of under 10,000 in the State of Kansas. Dr. Blank, further, was shown to spend a good deal of his time testifying in favor of plaintiffs in medical malpractice cases. Lastly, he was less than the most attractive witness, aggressive in his oral behavior and perspiring profusely physically.[1] In short, the evidence was heavily weighted in favor of Dr. Korgaonkar, who himself stood up well as a witness and thoroughly explained his actions.
This Court, thus, does not believe that the admission of the single answer to the question propounded to Dr. Korgaonkar, while perhaps erroneous, was prejudicial. See, e.g., Doyle v. Dong, 412 Mass. 682, 688 (1992); DeJesus v. Yogel, 404 Mass. 44, 48 (1989); Cook v. MBTA, 13 Mass.App.Ct. 1032, 1033 (1982). The error, if any, was harmless. Mass. G.L.c. 231, Secs. 119, 132. “Viewing the evidence in a commonsense way,” the admitted evidence cannot be seen to have made a material difference. DeJesus v. Yogel, supra, 404 Mass. at 48.
For the same reasons, there is nothing presented that suggests that the juiy’s verdict was in any way against the weight of the evidence. The Court does not view the verdict as “so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, [or] that it was the product of bias, apprehension or prejudice.” Solimene v. B. Vraavel & Co.. P.U., 399 Mass. 790, 802 (1987). The evidence was more than sufficient to warrant the verdict. Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118, 125 (1986); Gleason v. Source Perrier, S.A., 28 Mass.App.Ct. 561, 563 (1990).
The Court is satisfied that there was no accident, mistake or misfortune in any conduct of this trial that requires a new trial in order to prevent a failure of justice. See Davis v. Boston Elevated Ry. Co., 235 Mass. 482, 496 (1920).
CONCLUSION
For the reasons noted above, the plaintiffs motion for a new trial is DENIED.

 The Court, by these comments, makes no judgment about Dr. Blank’s skills as a physician or his veracity as a witness. The facts are noted solely as part of the mix of medical testimony in front of the jury and upon which its verdict was based. The plaintiff himself, in his brief supporting this motion, has urged the Court to judge credibility and weigh the evidence, citing to J. Smith & H. Zobel, Rules Practice, 8 Mass. Prac. Series 442 (1977).