Coven, J.
This is an action to recover unpaid attorney’s fees. A jury verdict was entered for the plaintiff attorney. The defendant has filed this Dist/Mun. Cts. R A D. A, Rule 8C, appeal on allegations of error in the trial judge’s exclusion of evidence and failure to issue curative jury instructions sufficient to remedy prejudicial statements by plaintiff’s counsel in his closing argument
On September 15,1994, defendant Stephen L. Scofield (“Scofield”) retained plaintiff Theodore L. Craft (“Craft”) as his attorney in connection with an Internal Revenue Service matter. When the initial retainer fee paid by Scofield was exhausted before any IRS settlement was reached, Craft proposed a fee schedule adjustment in a letter to Scofield dated January 18,1995. Scofield rejected both the proposed fee schedule and the eventual IRS settlement offer. On February 6,1995, Scofield notified Craft in writing that he was dissatisfied with the legal services provided by Craft and was discharging him. Following the discharge, Scofield retained counsel from a law firm in Georgia to represent him in the IRS matter.
Craft claimed at trial that during a telephone call on February 16,1995, he and Scofield made an oral agreement to extend the terms of their contract beyond the February 6,1995 discharge date. On March 6,1995, Craft sent a letter to Scofield (the “March 6 letter”) with an attached bill in the amount of $5,312.00 for legal services rendered by Attorney Craft The bill covered the period from January 18, 1995 through March 6,1995, and included both an outstanding balance owed by Scofield for legal work completed before February 6th and an additional $1,050.00 for legal services performed between February 6 and March 6, 1995. Upon Scofield’s refusal to pay the $5,312.00 in attorney’s fees, this action ensued.
Over Scofield’s objection at trial, the March 6 letter from Craft was excluded from evidence. Scofield now contends that the March 6 letter was essential to his defense that Craft was not authorized to continue providing legal services after being discharged on February 6,1995,[1] and that the letter should thus have been admitted into evidence for the jury’s consideration. As it is unclear from the trial transcript whether the judge excluded the March 6 letter for lack of relevance or on hearsay grounds, we examine the exclusion on both bases.
1. Evidence is generally considered to be relevant if it has “a ‘rational tendency to prove an issue in the case’ or makes a ‘desired inference more probable than it *153 would be without" the evidence.” Commonwealth v. Pare, 43 Mass. App. Ct. 566, 572 (1997), quoting from Commonwealth v. Fayerweather, 406 Mass. 78, 83 (1989). See Proposed Mass. R Evid. 401. It is unnecessary for the proffered evidence to establish the proposition definitively or directly, for evidence is deemed relevant if it merely “shed[s] light on an issue,” Adoption of Carla, 416 Mass. 510, 513 (1993), or “in connection with other evidence, it helps [the fact-finder] a little.” Commonwealth v. Pare, supra at 573, quoting from Commonwealth v. Tucker, 189 Mass. 457, 467 (1905).
While a trial judge is accorded broad discretion in ruling on the admissibility of evidence, the general rule is that “relevant evidence should be admitted unless there is a quite satisfactory reason for excluding it.” Dejesus v. Yogel, 404 Mass. 44, 47 (1989), quoting from Crowe v. Ward, 363 Mass. 85, 88-89 (1973). See also Green v. Richmond, 369 Mass. 47, 59 (1975). No such reason for the exclusion of the March 6 letter is apparent on the record before us. The letter was not “barred by some statute, rule or policy of exclusion....” Proposed Mass. R Evid. 402 (See §2, infra, on hearsay). Nor was the letter’s “probative value ... substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless preparation of cumulative evidence.” Proposed Mass. R Evid. 403. See also Commonwealth v. Lewin, 407 Mass. 629, 631 (1990).
Based on these principles, we conclude that the March 6 letter is relevant and that its exclusion at trial adversely affected Scofield’s ability to present his defense to Craft’s clam for unpaid attorney’s fees. Scofield contended at trial that there had been no oral agreement to extend Craft’s legal representation of him beyond the February 6th date of discharge. The March 6 letter casts doubt on Crafts claim that there had been a meeting of the minds between the parties and that he was authorized to continue working on the IRS matter. In the letter, Craft wrote: “Since you declined to put in writing that I should no longer represent you in this [ERS] matter, please initial the enclosed copy of this letter and return it to me in the envelope provided.” The letter, coupled with testimony from Craft at trial,[2] could have led the jury to infer that there had been no extension of the parties’ legal services contract and that Craft was unauthorized to perform the $1,050.00 in additional work for which he subsequently billed Scofield.
2. Craft contends that the March 6 letter contains no more than a reiteration of Scofield’s beliefs and should have been excluded as hearsay. However, not only is the March 6 letter relevant, it also falls within an established exception to the hearsay rule. Craft is a party-opponent “The statements made out of court by a party-opponent are universally deemed admissible, when offered against him ." Flood v. Southland Corp., 33 Mass. App. Ct. 287, 294 (1992). Nor, as Craft seems to suggest, was the March 6 letter properly excluded on the basis of attorney-client privilege. Craft’s status as a party-opponent in this action and as a witness at trial clearly took precedence over his role as Scofield’s former counsel.[3]
3. Because we conclude that the March 6 letter was improperly excluded from evidence and that the exclusion was prejudicial because the jury “might have reached a different result if the [letter] had been before it,” Dejesus v. Yogel, supra at 4849, a new trial is in order. We pause only briefly, therefore, to consider Scofield’s remaining contention that the judge foiled to issue effective curative *154 instructions following improper comments during Craft’s closing argument[4] In considering such a claim on appeal, “we review the remarks alleged to be improper in the context of the entire argument, as well as in light of the evidence at trial and any instructions from the judge.” Santos v. Chrysler Corp., 430 Mass. 198, 213 (1999).
Immediately following Craft’s argument Scofield’s counsel requested a sidebar conference and objected to the improper statements by Craft’s counsel. Specifically, Scofield objected to Craft’s counsel’s statements to the jury that Craft’s evidence had to be taken “as truth” and that “His Honor will, in fact give you an instruction in that regard.” There is no question that Craft’s counsel’s statements were improper. However, the trial judge gave sufficient instructions to the jury on the burden of proof and credibility of witnesses, thereby curing any prejudicial effect Craft’s improper argument may have had on the jury. Further, we note that Scofield Med to renew his objection following the jury charge. Commonwealth v. Bailey, 12 Mass. App. Ct. 104, 108 (1981).
Judgment for the plaintiff is reversed and vacated. The case is returned to the Malden District Court for a new trial.
So ordered.

 Craft’s March 6 letter read, in pertinent part “You [Scofield] said that the value of my services had come to nothing and repudiated settlement terms discussed in a conference call.... Since you declined to put in writing that I should no longer represent you in this matter, please initial the enclosed copy of this letter and return it to me in the envelope provided. Your initials will indicate that I am no longer authorized to represent you....”

 “Q. And yet you knew, in the February 6, ‘95 letter, that Mr. Scofield didn’t want you as his lawyer anymore? A Yes, at the time, yes. Q: And so a month later, you’re asking him to initial your letter? A Yes.”

 As the trial judge reminded Craft during his testimony: “Well, sir, you’re not a lawyer here, you’re a witness. Okay?”

 Craft’s counsel made the following statement in closing: “Because there has been no repudiation or no contradiction to any of the testimony that my client has made here today, so therefore you have to take it as truth, and I believe that His Honor will, in fact, give you an instruction in that regard.”