NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-662

ASHMONT HILL, LLC[1]

vs.

THELMA S. MOSBEY & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On appeal from a judgment awarding it $85,578 for care and services provided to the defendant Thelma S. Mosbey, the plaintiff Ashmont Hill, LLC (Ashmont Hill) asserts that the trial judge erred in excluding certain statements purportedly made by Mosbey to an Ashmont Hill social worker.  We affirm.

1. Waiver.  As a threshold matter, the record furnishes no indication that Ashmont Hill preserved its claim of error for appeal.  Ashmont Hill filed a motion in limine prior to trial, seeking to introduce the notes of a social worker containing Mosbey's alleged statements under the business records exception

---

[1] Doing business as St. Joseph Rehabilitation & Nursing Care Center.
[2] Sherley A. Phillips, individually and as trustee of the Thelma S. Mosbey Irrevocable Trust, and James B. Phillips, as trustee of the Thelma S. Mosbey Irrevocable Trust.

to the hearsay rule; that motion was denied by the judge after a hearing, on the basis that Mosbey's statements to the social worker were subject to the social worker-client privilege.[3] At trial, the defendants objected to a question posed by Ashmont Hill to the social worker asking whether Mosbey "ever said she wanted to be discharged."[4] The objection was sustained, and a sidebar discussion followed. However, the content of that discussion is not in the record. Ashmont Hill cannot rest on the judge's denial of its motion in limine to preserve its appellate rights, see Hoffman v. Houghton Chem. Corp., 434 Mass. 624, 639 (2001), nor (without an exception in the record to the judge's ruling) can it rest on the judge's ruling at trial sustaining the defendants' objection to the social worker's testimony.[5]

2. Privilege. There is likewise no merit to Ashmont Hill's contention that it was error for the judge to rely on the

---

[3] We note that Ashmont Hill's motion in limine did not include a copy of the notes it sought to admit in evidence. The record accordingly does not permit us to see what the proposed evidence would have been.

[4] On appeal, Ashmont Hill asserts that the social worker's testimony was admissible as a statement of a party opponent.

[5] Absent a record of the sidebar discussion, we are left to speculate on what it might have addressed (including whether Ashmont Hill raised in that discussion an exception to the judge's ruling on the defendants' objection), which we will not do. If Ashmont Hill wished to create a record to preserve its claim, it could have sought to reconstruct the record pursuant to Mass. R. A. P. 8 (c), as appearing in 481 Mass. 1611 (2019).

social worker-client privilege as a basis to deny its motion in limine, in the absence of an affirmative assertion of the privilege by Mosbey.  Though the privilege is not self-executing, by the time of trial the defendants were well aware of its potential applicability to Mosbey's statements to the social worker.  Accordingly, the defendants could have been expected to raise the privilege in response to any attempt by Ashmont Hill to introduce during trial any such statements through the social worker's testimony.[6]

3.  Prejudice.  Finally, Ashmont Hill has not demonstrated that the exclusion of the evidence was error or, if so, that the error was prejudicial.  See DeJesus v. Yogel, 404 Mass. 44, 48-49 (1989) ("the appropriate test is whether the proponent of erroneously excluded, relevant evidence has made a plausible showing that the trier of fact might have reached a different result if the evidence had been before it").

The record contains scant information about what the excluded evidence would have been.  As we have observed, the motion in limine did not include a copy of the notes Ashmont

---

[6] We note again that Ashmont Hill made no attempt to reconstruct the record to furnish the content of the sidebar discussion of the judge's ruling on the defendants' objection to the question posed to the social worker.  Notably, Ashmont Hill advances no substantive challenge to the application of the social worker-client privilege to Mosbey's statements, and instead asserts only that the judge committed a procedural error in applying the privilege sua sponte in her ruling on the motion in limine.

3

Hill sought to introduce as business records. When the judge sustained the defendants' objection to the social worker's testimony, Ashmont Hill made no offer of proof concerning what the social worker's testimony would have been. Without an offer of proof, we are unable to discern whether the evidence was properly excluded. Indeed, uncertainty about the precise nature of the proffered evidence was among the bases for the judge's denial of Ashmont Hill's motion in limine, as she expressed an inability to determine whether the social worker's notes constituted business records, and whether the alleged statements about which the social worker proposed to testify were direct statements by Mosbey or were instead merely the social worker's impressions of Mosbey's state of mind. Without a more precise description of the evidence at issue, we discern no error in the judge's exclusion of the evidence, irrespective of the propriety of her application of the social worker-client privilege.

We are also unconvinced that admission of Mosbey's statements would have produced a different outcome at trial. See DeJesus, 404 Mass. at 49. The jury were chiefly tasked with determining whether Ashmont Hill improperly delayed discharging Mosbey from its nursing home facility. The jury found that Ashmont Hill should have discharged Mosbey following requests made by her duly authorized attorney-in-fact, defendant Sherley A. Phillips, in May 2019. Ashmont Hill offers no argument on

4

appeal to suggest that any statements by Mosbey to the social worker indicating a desire to remain in the nursing home facility would have entitled it to ignore Phillips's request, as Mosbey's authorized attorney-in-fact, that Mosbey be discharged.[7] Ashmont Hill accordingly has made no showing of prejudice.

Judgment affirmed.

By the Court (Green, C.J.,
  Rubin & Massing, JJ.[8]),

*Joseph F. Stanton*

Clerk

Entered:  March 13, 2023.

---

[7] We note that Ashmont Hill sought unsuccessfully in the Probate and Family Court to revoke Phillips's power of attorney.  We further note that, in those proceedings, Ashmont Hill asserted that Mosbey (who was 108 years old) suffered cognitive impairment rendering her incapable of making independent decisions concerning her care.
[8] The panelists are listed in order of seniority.