NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-86

M.F.

vs.

J.W.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court judge declined to issue a G. L. c. 209A abuse prevention order (209A order) against the defendant.  The plaintiff appeals and argues that the judge erred in excluding evidence and abused his discretion by conducting an extension hearing with procedural defects.  We affirm.

Background.  We summarize the facts as the judge may have found them.  See G.B. v. C.A., 94 Mass. App. Ct. 389, 390 (2018).  The plaintiff is a non-native English speaker who primarily speaks Japanese.  She and the defendant were married in 2001, separated in 2015, and divorced in 2017.  They resided in Japan beginning in 2003 until they moved to Massachusetts in

2011.  They have three teenage children, over whom custody was in dispute at the time of the hearing at issue in this appeal.

On July 5, 2023, the plaintiff applied for and was granted an ex parte 209A order.  The plaintiff's affidavit asserted that during her marriage the defendant had sexually assaulted her, and that the defendant had also made several threatening statements including that he wanted the plaintiff to be raped, murdered, and left on the side of the road.  The plaintiff stated that she had moved and withheld her address from the defendant, but that the defendant had filed a motion in the Probate and Family Court to disclose her address.  The plaintiff ultimately provided her address to the defendant, because she was "told I had no choice without a restraining order."

Both parties were present for a two-party hearing on July 31, 2023; however, due to issues interfacing with the Japanese interpreter on a video call, the judge (original judge) terminated the hearing shortly after it began, requesting that the case be rescheduled so that the interpreter could be physically present at the next scheduled hearing date.  Another hearing was scheduled for and took place on August 28, 2023. Both parties were present and represented by counsel.  A different judge (hearing judge) notified the parties that the original judge had a personal scheduling conflict and would be

2

unable to hear the case. The hearing judge explained that, because the original judge had only heard about fifteen minutes of testimony, the hearing would be "starting over." The interpreter was not physically present at the court house, and the hearing judge elected to proceed with a Japanese interpreter via video call. While the defendant's attorney voiced concerns about proceeding with the hearing without the interpreter appearing in person, neither party objected.

The hearing proceeded, and the plaintiff testified that she had been sexually assaulted by the defendant several times during their marriage and that, in 2015, she had reported the abuse to the police and to personnel at the children's school. The plaintiff testified that she did not request a 209A order or pursue criminal charges until 2022, when she learned from the defendant's current wife that the defendant repeatedly wished for the plaintiff's death in front of their children and made other remarks that made the plaintiff concerned for her safety.

In addition to her testimony, the plaintiff introduced in evidence a 2018 Spencer police department log where the defendant requested repeated welfare checks of the plaintiff and the children despite the fact that police confirmed that they were safe, and a 2023 Brookfield police department report in which the plaintiff disclosed past sexual abuse by the defendant

3

and reported that the defendant had recently made statements that were threatening in nature. The plaintiff attempted to admit in evidence Department of Children and Family (DCF) records. The DCF records consisted of a 2022 report filed pursuant to G. L. c. 119, § 51B, and a family action plan, both of which the plaintiff argued were relevant because they supported her claim that the defendant abused and neglected their children and the defendant's current wife and corroborated her statement that she had disclosed the defendant's sexual abuse of her to her child's elementary school teacher in 2015. The defendant objected to their admission on several grounds, arguing that the DCF records were hearsay, the plaintiff's 2015 disclosure to school personnel was too remote in time, and the plaintiff had not provided the DCF records to the defendant prior to the hearing. The defendant argued that because he did not have access to the DCF records and had just received them, it would be unfairly prejudicial to allow them into evidence. The hearing judge excluded the DCF records.

The plaintiff testified that there were "two major reasons" why she was seeking a 209A order. First, the plaintiff was concerned for her safety due to the defendant's repeated threatening remarks, allegedly communicated to the parties' children and the defendant's current wife, including that the

4

plaintiff "should be kidnapped, raped, and murdered and left by the side of the road." The plaintiff added that the defendant's current wife overheard a conversation between the defendant and "a construction guy or something" that the defendant wanted to kill the plaintiff. Second, the plaintiff had moved to a new address and did not want to disclose that information to the defendant. The plaintiff stated that her lawyer had told her that unless she had a 209A order, her new address would have to be disclosed.

The plaintiff's counsel completed direct examination of the plaintiff, and the hearing judge commented that the plaintiff had rested and turned to the defendant, who was represented by two attorneys. The defendant's first attorney cross-examined the plaintiff, attacking her credibility and probing the plaintiff's motive to fabricate the allegations against the defendant to gain advantage in the contested custody dispute in the Probate and Family Court and to avoid providing the defendant with her new address. The defendant's second attorney then conducted cross-examination, also focusing on inconsistencies in the plaintiff's statements, her credibility, and her motive to lie. At this point, the hearing had lasted approximately one and one-half hours, and the hearing judge warned counsel that the hearing would need to conclude. The

5

defendant's attorney responded that she intended to conduct cross-examination of the plaintiff on several other areas related to the divorce proceedings. The hearing judge replied, "[w]e'll schedule for another day for evidence from the defense," and asked both counsel for argument on whether the plaintiff had put forward enough evidence to support an extension of the 209A order.[1] After arguments, the hearing judge took the matter under advisement, noting that if he determined that the plaintiff had satisfied her burden of proof, the matter would be rescheduled for another hearing so that the defendant could present evidence.

On August 29, 2023, the hearing judge denied the plaintiff's request to extend the 209A order, finding that the plaintiff failed to establish, by a preponderance of the evidence, that she had been sexually abused by the defendant between 2011 and 2015 or that the defendant had recently threatened to harm her. This appeal followed.

Discussion. The plaintiff argues that the hearing judge abused his discretion by excluding the DCF reports, allowing the hearing to proceed with an interpreter who was not there in person, restricting the testimony and examination of the

---

[1] At the time the hearing judge stopped the hearing, the plaintiff had not rested, but both parties proceeded to argument without offering any objection.

6

plaintiff, and failing to issue a written decision that contained specific findings of fact. We address each of the plaintiff's arguments in turn.

1. _Evidentiary ruling._ We review a trial judge's evidentiary ruling for an abuse of discretion recognizing that a "judge has broad discretion to make evidentiary rulings and substantial discretion to determine whether evidence is relevant." (quotations and citations omitted). _Laramie_ v. _Philip Morris USA Inc._, 488 Mass. 399, 413 (2021). An abuse of discretion occurs "where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives." _Luppold_ v. _Hanlon_, 495 Mass. 148, 154-155 (2025), quoting _L.L._ v. _Commonwealth_, 470 Mass. 169, 185 n.27 (2014). "The test when evaluating whether the exclusion of evidence rises to prejudicial error is 'whether the proponent of erroneously excluded, relevant evidence has made a plausible showing that the trier of fact might have reached a different result if the evidence had been before it.'" _Luppold_, _supra_ at 155, quoting _DeJesus_ v. _Yogel_, 404 Mass. 44, 48-49 (1989).

The plaintiff argues the exclusion of the DCF records was erroneous and requires reversal. Specifically, the plaintiff argues that the hearing judge committed an error of law by

7

strictly applying the rules of evidence in a 209A hearing. Had the hearing judge applied the correct standard, the plaintiff argues, the DCF records would have been admitted and the restraining order would have been granted. Alternatively, the plaintiff argues that the DCF records were improperly excluded because they qualified as a business record. We are not persuaded.

The plaintiff correctly states that in the context of a 209A hearing, the rules of evidence do not need to be strictly followed "provided that there is fairness in what evidence is admitted and relied on." A.P. v. M.T., 92 Mass. App. Ct. 156, 161 (2017), quoting Frizado v. Frizado, 420 Mass. 592, 597-598 (1995). On this record, we cannot say that it was an abuse of discretion or improper for the hearing judge to exclude the DCF records when they were not provided to the defendant's counsel prior to the hearing. While the hearing judge did not articulate the specific reason for excluding the DCF records, we think that a fair inference from the record is that the basis for the judge's ruling was that the DCF records were not provided to the defendant's counsel in advance. In fact, in her brief, the plaintiff concedes that the hearing judge excluded the 51B report on the grounds that it should have been provided sooner and that admitting the evidence would result in unfair

prejudice.  Despite relaxed rules of evidence at a 209A hearing, the defendant must be afforded a meaningful opportunity to review the evidence and potentially challenge its admissibility on grounds such as the lack of authenticity or the inadmissibility of the hearsay contained in the reports.[2]  Here, it is undisputed that the defendant did not have independent access to the DCF records and was not provided with them prior to the hearing.  Therefore, the hearing judge did not abuse his discretion in the exclusion of the evidence.

2.  Hearing procedure.  Next, the plaintiff argues the August 28 hearing lacked the "minimum standards of fairness" required in a 209A proceeding.  S.T. v. E.M., 80 Mass. App. Ct. 423, 429 (2011).  See Frizado, 420 Mass. at 598.  Specifically, the plaintiff claims the hearing judge abused his discretion by terminating the defendant's cross-examination of the plaintiff and not providing the plaintiff's counsel with an opportunity to conduct redirect examination.  The plaintiff also claims that

---

[2] The plaintiff's next contention that the DCF records qualified as business records does not fare any better.  The plaintiff failed to argue that the DCF records qualified as business records to the hearing judge and as such her argument is waived.  Moreover, whether the DCF records qualified as business records or not, the question remains whether the judge erred by excluding the DCF records on the ground that the defendant did not have an opportunity to review them in advance.  As stated earlier, we agree with the plaintiff that the rules of evidence are not strictly applied in the context of a 209A hearing.

the hearing lacked fairness because the interpreter was not present in person.  While the plaintiff's argument regarding the hearing judge's termination of her testimony has some force, the plaintiff did not object to any of these claimed errors.[3]  These arguments, having not been raised by the plaintiff at the hearing level, are waived.  See Conway v. Planet Fitness Holdings, LLC, 101 Mass. App. Ct. 89, 101 (2022).  See also Hoffman v. Houghton Chem. Corp., 434 Mass. 624, 639 (2001) ("The consequence of the failure to properly object at trial is to waive the issue on appeal").

3.  Failure to provide specific factual findings.  Lastly, the plaintiff claims that the hearing judge abused his discretion by failing to provide a written decision with specific findings of fact.  A plaintiff who seeks a restraining order under G. L. c. 209A, whether the initial, ex parte order,

_____

[3] As we noted earlier, at the August 28 hearing the original judge was not available to continue the hearing.  The defendant's attorney voiced her concern that the interpreter was not physically present and that it had been difficult at the first hearing to go forward with an interpreter who was on Zoom. When the hearing judge ruled that the hearing would proceed regardless, neither the plaintiff nor the defendant objected. The defendant's attorney did object to the hearing judge's termination of cross-examination of the plaintiff, stating that there were more grounds she (counsel) intended to cover.  When the hearing judge responded that he would hear arguments whether the plaintiff had met her burden of proof and then take the case under advisement, the plaintiff did not object or request that she be allowed to conduct redirect examination.

10

or its extension, carries the burden of proving by a preponderance of the evidence that she is suffering from abuse. See Frizado, 420 Mass. at 596. "Abuse" is defined as, inter alia, "placing another in fear of imminent serious physical harm." G. L. c. 209A, § 1. We review the decision to grant or deny a 209A order "for an abuse of discretion or other error of law." Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024). See Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 787 (2022). "[W]here we are able to discern a reasonable basis for the order in the judge's rulings and order, no specific findings are required." G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018).

Although the hearing judge did not make specific findings of fact, he issued a written decision that stated the following: "Based upon the evidence offered at the 209A hearing on August 28, 2023, I find that the plaintiff has failed to meet the required burden of proof. I do not find the claim of past sexual abuse between 2011 and 2015 or the more recent alleged threats has been established by a preponderance of the evidence." The hearing judge was in the best position to assess the credibility and demeanor of the witness and consider the parties' relationship. The judge took into consideration the plaintiff's affidavit in support of the ex parte order, the 2022 police report in which the plaintiff reported that the defendant

11

had sexually abused her and threatened her, as well as her testimony at the hearing.  On considering this evidence, the hearing judge could reasonably have found that the plaintiff did not satisfy her burden of proving that she was in fear of imminent serious physical harm, given that the alleged sexual assaults occurred over eight years prior to the hearing and her claim that the defendant threatened her was based solely on unreliable hearsay.  Because there was a reasonable basis for the judge's rulings and order, specific written findings of fact were not required.

Order denying G. L. c. 209A
  order affirmed.

By the Court (Blake, C.J.,
  Shin & Walsh, JJ.[4]),

Clerk

Entered:  July 1, 2025.

---

[4] The panelists are listed in order of seniority.